UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| R.K., by next friends, J.K. and R.K., | )<br>)<br>) Civil Action No. 5:09-344-JMH<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **MEMORANDUM OPINION AND ORDER**<br>) |
| BOARD OF EDUCATION OF SCOTT COUNTY, KENTUCKY, and PATRICIA PUTTY, Superintendent, Individually and Officially, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Motion for Relief from Order of Summary Judgment, pursuant to Fed. R. Civ. P. 60(b)(2), filed for Plaintiff R.K., by his next friends, J.K. and R.K. [Record No. 42]. Defendants have filed a Response in opposition to the motion [Record No. 43], and Plaintiff filed a reply in support of his motion [Record No. 44].

This Court entered Summary Judgment in favor of the defendants on December 15, 2010. The plaintiff timely appealed on January 13, 2011, and this matter is now pending before the Sixth Circuit Court of Appeals. This Court is, thus, divested of jurisdiction in this matter. Where a timely motion for relief is filed that the district court lacks authority to grant due to a pending appeal, pursuant to Fed. R. Civ. P. 62.1, the district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either

that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." After careful consideration of the issues presented, this Court denies the plaintiff's motion for the following reasons.

Plaintiff submits new evidence in the form of an affidavit by a parent of a third-grade insulin dependent child, C.S., who attends Stamping Ground Elementary School, alleging that Scott County Schools trained a non-nurse employee to "monitor insulin" and that a nurse assists C.S. with carb-counting over the phone. It is unclear from the affidavit if C.S. is able to administer insulin to himself, or if the non-nurse employee assists with this task. Nonetheless, Plaintiff argues that this evidence demonstrates that Defendant treated Plaintiff differently than an another older child.

To prevail the motion for relief from this Court's summary judgment order on the basis of the newly discovered evidence, the plaintiff "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citations and quotations omitted).

First, Plaintiff argues that this evidence was pursued with "due diligence" and that due to the confidential nature of the health status of C.S., the information about this accommodation

2

would not have been discovered during the standard discovery process. Plaintiff ignores, however, that he did not seek *any* written or other discovery from Defendants during the discovery period.  Thus, Plaintiff has not shown that Defendants would not, or could not, produce information regarding accommodations given to other diabetic students during the usual course and scope of discovery and before entry of summary judgment in this matter. Accordingly, Plaintiff has failed to meet his burden to show that he exercised due diligence in his efforts to obtain this information.

Second, Plaintiff argues that this evidence is relevant to show that Defendants do not have a policy of placing all insulin dependent children at elementary schools where a nurse is present for liability purposes.  This Court's opinion, however, neither found that Defendants had any such policy, nor did it rely on any such determination. Moreover, the defendants consistently asserted that decisions regarding the placement of insulin dependent children, such as Plaintiff, were performed on a **case by case basis**. In fact, the affidavit of Tony Harrison, R.N., submitted by Defendants in support of the motion for summary judgment states that "School District decisions pertaining to whether a student with special health care needs may require full time care and over-site [sic] by medically trained staff are individualized" and lists the relevant factors considered during the evaluation. [Record No. 26-2 at p. 2].  The "newly discovered evidence" presented by

3

Plaintiff does not substantially contradict or add anything to the evidence earlier considered by this Court.  Thus, Plaintiff has failed to come forward with new material evidence that would have produced a different result if the evidence had been presented before judgment in this matter.

Plaintiff argues that the new evidence regarding a child enrolled in the second grade at a school without an on-site nurse contradicts Mr. Harrison's statement that "[t]here are some elementary students, in fourth and fifth grades, who have an insulin pump, who are enrolled in Scott County Schools without full time care of an RN..."  At most this demonstrates that the newly discovered evidence may be impeaching.  The evidence forming the basis of Fed. R. Civ. P. 60(b)(2) motion "cannot be merely impeaching or cumulative." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998); *See also Gould v. Wood/Chuck Chipper Corp.*, 229 F.3d 1151, *7 (6th Cir. 2000) (unpublished table opinion).  Thus, Plaintiff has failed to meet his burden to show that the evidence submitted is sufficient to warrant vacating this Court's Judgment and it declines to do so.

Accordingly, **IT IS ORDERED** that the Plaintiff's Motion for Relief from Order of Summary Judgment [Record No. 42] is **DENIED**.

This the 19th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge